# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No.: 2:16-cv-00399-APG-DJA |
| Plaintiff | **Order Granting Plaintiff's Motion for Summary Judgment and Denying as Moot Mountain Gate's Motion for Summary Judgment** |
| v. | |
| MOUNTAIN GATE HOMEOWNERS' ASSOCIATION, et al., | [ECF Nos. 78, 79] |
| Defendants | |

Plaintiff Bank of America, N.A. sues to determine whether a deed of trust still encumbers property located at 6517 Angel Mountain Avenue in Las Vegas following a non-judicial foreclosure sale conducted by a homeowners association (HOA), defendant Mountain Gate Homeowners Association (Mountain Gate). Bank of America seeks a declaration that the HOA foreclosure sale did not extinguish the deed of trust and it asserts alternative damages claims against Mountain Gate and Mountain Gate's foreclosure agents, defendants Hampton & Hampton P.C. and Hampton & Hampton Collections, LLC (together, Hampton). Defendant 6517 Angel Mountain Trust (Trust) purchased the property at the HOA sale. Trust counterclaims to quiet title in itself.

Bank of America moves for summary judgment on its declaratory relief claim, arguing that it tendered the superpriority amount prior to the sale, thereby preserving the deed of trust. Alternatively, Bank of America contends the sale should be equitably set aside. Trust opposes Bank of America's motion, arguing that there is no basis to set aside the sale. Trust also argues equity does not favor setting aside the sale because it is a bona fide purchaser.

Mountain Gate moves for summary judgment, arguing that it complied with the law when foreclosing, so there is no basis to impose liability on it. Mountain Gate and Bank of America agree that if the tender preserved the deed of trust, Bank of America's alternative damages claims are moot.

The parties are familiar with the facts, so I do not repeat them here except where necessary to resolve the motions. I grant Bank of America's motion because no genuine dispute remains that it tendered the superpriority amount, thereby preserving the deed of trust by operation of law. I dismiss as moot Bank of America's alternative damages claims against Mountain Gate and Hampton, and so I deny as moot Mountain Gate's motion for summary judgment.

## I. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and

reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To be valid, tender must be for "payment in full" and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

Bank of America has met its initial burden on summary judgment of establishing that it tendered the superpriority amount in full. The monthly HOA assessment was $79.50 per month. ECF No. 78-8 at 12. Prior to the HOA foreclosure sale, Bank of America tendered $715.50 to Hampton to cover the superpriority amount. *Id.* at 14-16. Hampton accepted the check. *Id.* at 18. Trust has presented no contrary evidence in response. Consequently, no genuine dispute remains that the superpriority lien was extinguished and the property remains subject to the deed of trust. *Bank of Am., N.A.*, 427 P.3d at 121.

"[T]ender of the superpriority portion of an HOA lien satisfies that portion of the lien by operation of law." *Id.* at 120. Because "valid tender cured the default as to the superpriority portion of the HOA's lien, the HOA's foreclosure on the entire lien resulted in a void sale as to the superpriority portion." *Id.* at 121. A "party's status as a [bona fide purchaser] is irrelevant when a defect in the foreclosure proceeding renders the sale void." *Id.* Thus, I do not weigh the equities if tender was valid because "the voiding of the foreclosure sale as to the superpriority portion of the lien is ultimately the result of the operation of law and not equitable relief." *Salomon v. Bank of Am., N.A.*, No. 75200-COA, 2019 WL 3231009, at *2 n.3 (Nev. App. July 17, 2019).

1 Because Bank of America's tender preserved the deed of trust by operation of law, I grant Bank of America's motion for summary judgment on its declaratory relief claim as well as Trust's quiet title counterclaim. I dismiss as moot Bank of America's alternative damages claims against Mountain Gate and Hampton, and I deny as moot Mountain Gate's motion for summary judgment.

## II.  CONCLUSION

I THEREFORE ORDER that plaintiff Bank of America, N.A.'s motion for summary judgment **(ECF No. 78) is GRANTED**. The clerk of court is instructed to enter judgment in favor of plaintiff Bank of America, N.A. and against defendant 6517 Angel Mountain Trust as follows: It is declared that the homeowners association's non-judicial foreclosure sale conducted on November 26, 2013 did not extinguish the deed of trust and the property located at 6517 Angel Mountain Avenue in Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that plaintiff Bank of America, N.A.'s alternative damages claims against defendants Mountain Gate Homeowners' Association, Hampton & Hampton, P.C., and Hampton & Hampton Collections, LLC are DISMISSED as moot.

I FURTHER ORDER that defendant Mountain Gate Homeowners' Association's motion for summary judgment **(ECF No. 79) is DENIED as moot.**

I FURTHER ORDER the clerk of court to close this case.

DATED this 5th day of October, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

4